UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND, By and Through Its Board of Trustees, <br><br> and <br><br> EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, By and Through Its Board of Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> GROUNDWORKS CONTRACTING, INC., <br><br> Defendant. | Case No.   19-365 |

## COMPLAINT

COME NOW Plaintiffs, EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, and state as follows for Count I of their Complaint against Defendant GROUNDWORKS CONTRACTING, INC.:

### Parties

1. Plaintiff EMPLOYERS AND CEMENT MASONS #90 HEALTH & WELFARE FUND (hereinafter "Welfare Fund") is an employee welfare benefit plan and an employee benefit plan, or plan within the meaning of Sections 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

2. Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Welfare Fund's Trustees are

authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3. Welfare Fund is administered in Madison County, Illinois.

4. Plaintiff EMPLOYERS AND CEMENT MASONS #90 PENSION FUND (hereinafter "Pension Fund") is an employee pension benefit plan, a pension plan, or plan, and a defined contribution plan within the meaning of Sections 3(2)(A), (3) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (3), (34).

5. Pension Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Pension Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

6. Pension Fund is administered in Madison County, Illinois.

7. Together, Welfare Fund and Pension Fund shall be referred to as "Plaintiff Funds."

8. Defendant GROUNDWORKS CONTRACTING, INC. (hereinafter "Defendant" or "Groundworks") is and/or was an Indiana corporation.

9. Groundworks maintains and/or maintained its principal place of business at 8712 Holy Cross Lane, Breese, IL  62230.

10. Groundworks is, and/or was, and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12), 1145 and within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6), (7).

## Jurisdiction and Venue

11. This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3), (e)(1) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), 1145 and § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).

12. This Court has personal jurisdiction over Groundworks pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

13. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts

14. Groundworks is, was and has been signatory to one or more Collective Bargaining Agreements ("Agreement(s)") with the Local #90, Operative Plasterers and Cement Masons International Association, AFL-CIO ("Local #90"). A copy of the applicable Agreement and signature page are attached as **Exhibit 1**.

15. The territorial jurisdiction of Local #90 consists of the Illinois counties of Bond, Calhoun, Clinton, Green, Jersey, Macoupin, Madison, Monroe, Montgomery, and St. Clair. *See*, **Exhibit 1**.

16. The Agreement(s) require Groundworks to submit monthly remittance reports ("Remittance Reports") detailing the hours worked by and wages paid to its employees performing work covered by the Agreement(s) and to pay monetary contributions to Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s) within the territorial jurisdiction of Local #90.

17. Plaintiff Funds are the duly-authorized collection agent on behalf of Local #90 and certain collectively-bargained funds and receive and process said contributions on behalf of Local #90 and those funds.

18. Said Remittance Reports, and all necessary contributions, are due by the fifteenth (15th) of the month following the month in which the work was performed.

19. The Agreement(s) and/or Trust Documents to which Groundworks is bound and required to comply specifically provide that in the event a signatory employer fails to submit timely reports of hours, or payments of contributions due, the employer shall be liable to Plaintiff Funds for the contributions due, as well as liquidated damages in the amount of twenty percent (20%).

20. ERISA provides that in the event of a delinquency, a signatory employer shall be liable for the greater of interest, or additional Liquidated Damages not to exceed twenty percent (20%).

21. Pursuant to ERISA, Plaintiff Funds are entitled to judgment and an award of their attorneys' fees and costs of this action.

## COUNT I

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, by undersigned Counsel, and for Count I of their Complaint, state as follows:

22. Plaintiff Funds restate and reincorporate paragraphs 1 through 22 of their Complaint, as if fully set forth herein.

23. Groundworks is known to have employed members of the bargaining unit represented by Local #90 to perform work covered under its CBA with Local #90.

24. Groundworks failed to submit all required Remittance Reports, or payment of contributions due as a result of having performed said work.

25. Based upon paycheck stubs received from Groundworks' employees, Plaintiff Funds estimate contributions are due in the amount of at least $3,317.30 (the "Delinquency"). *See*, **Exhibits 2** and **3**.

26. Pursuant to the Agreement(s) and/or Trust Documents, as a result of the Delinquency, Groundworks is liable for Liquidated Damages in the amount of twenty percent (20%) of the contributions due, or at least $663.46. *See*, **Exhibits 2** and **3**.

27. Pursuant to ERISA, Plaintiff Funds are entitled to interest, estimated in the amount of $75.21.

28. Demand has been made upon Groundworks to pay the outstanding fringe benefit contributions and late fees. *See*, **Exhibits 2** and **3**.

29. Plaintiff Funds are, however, unable to determine the amount of contributions due with certainty, or to properly credit the accounts of Groundworks' employees, who stand to lose

5

eligibility, or coverage, as a result of Groundworks' omissions, unless Groundworks is made to submit all outstanding remittance reports and required payments.

30. Groundworks has, without good cause, failed and refused to submit the Remittance Reports, or to make payment of these amounts, despite its contractual obligation to do so.

31. Plaintiff Funds lack an adequate remedy at law and are suffering, and will continue to suffer, immediate, severe and irreparable harm, unless Groundworks is ordered to comply with its contractual obligations and to submit all outstanding Remittance Reports.

32. Plaintiff Funds are entitled to an Order that Groundworks submit all outstanding Remittance Reports.

33. Plaintiff Funds are entitled to an award of all outstanding contributions.

34. Plaintiff Funds are entitled to an award of liquidated damages

35. Plaintiff Funds are entitled to an award of pre-judgment interest.

36. Plaintiff Funds are entitled to an award of their attorneys' fees and costs.

37. Plaintiff Funds are entitled to post-judgment interest.

38. As a consequence of Groundworks' actions, Plaintiff Funds have been harmed.

WHEREFORE, Plaintiff Funds respectfully pray that the Court:

    a. Enter Judgment for Plaintiffs, Employers and Cement Masons #90 Health & Welfare Fund and Employers and Cement Masons #90 Pension Fund, and against Defendant, Groundworks Contracting, Inc.;

    b. Enter Orders for temporary, preliminary and permanent injunctive relief requiring Groundworks to immediately submit the outstanding remittance reports, so that the amount of contributions and other damages due can be determined;

c. Enter an Order awarding Plaintiffs the delinquent fringe benefit contributions in the amount of at least $3,317.30, or a different and greater amount as reflected on the remittance reports;

d. Enter an Order awarding Plaintiffs Liquidated Damages in the amount of $663.46, or a different and greater amount to be proven at trial;

e. Enter an Order awarding Plaintiffs pre-judgment interest, estimated in the amount of $75.21, or a different and greater amount to be proven at trial;

f. Enter an Order awarding Plaintiffs their attorneys' fees and costs;

g. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs